IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE DUBUC,

    *Plaintiff,*

vs.

COX COMMUNICATIONS KANSAS, L.L.C.,

    *Defendant.*

Case No. 21-CV-2041-EFM-JPO

**MEMORANDUM AND ORDER**

Plaintiff Julie Dubuc filed a Complaint asserting a Title VII retaliation claim and a disability discrimination claim under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). This matter is before the Court on Defendant Cox Communications Kansas, L.L.C.'s ("Cox") Motion to Dismiss Count II (Doc. 4) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because Dubuc does not state a colorable claim, the Court grants Cox's Motion to Dismiss Count II.

## I. Factual and Procedural Background[1]

Dubuc was an employee of Cox from June 2017 to April 2020. During her term of employment, Dubuc first served as Director of Learning and Implementation for Cox in Wichita, Kansas. In the fall of 2018, Dubuc's department was restructured, and Dubuc's position changed. Her responsibilities shifted and required a high level of travel to support various states and near shore vendor partners. Dubuc's direct supervisor was Nancy Murphy, the Executive Director of Learning and Workforce Capability.

In March 2020, Dubuc traveled to Bogota, Columbia for a business trip. While in Columbia, Dubuc was seated with a chat agent on the call center floor. Dubuc noticed music being played that contained "offensive, discriminatory language, including racially offensive language and language that disparaged women." Cox had policies that prohibited the use of racial or gender slurs. Dubuc reported the music to her superiors.

Several weeks later, on March 26, 2020, Dubuc met with Cox Director and HR Business Partner Brenda Dodson and Murphy to discuss Dubuc's complaint about the music. After a short discussion of Dubuc's concerns, they "turned the questions" on Dubuc and asked whether she had discussed her travel rewards related to business travel. They then asked Dubuc about her consumption of alcohol at a business event in 2017 and her purchase of alcohol during a business trip in 2019. Dodson represented to Dubuc that "others claimed that they noticed that Plaintiff's demeanor changed when she was drinking." After this meeting, Murphy met separately with Dubuc on April 2, 2020. Murphy fired Dubuc for two stated reasons: (1) violating Cox's Code of Conduct, and (2) her use of the word "nigger" when reporting discrimination.

---

[1] The facts are taken from the Complaint and are stated in the light most favorable to Plaintiff, the non-moving party.

Dubuc exhausted her administrative remedies through the Equal Employment Opportunity Commission and received a "right to sue" letter. She then filed her Complaint in this Court asserting a retaliation claim under Title VII and a "regarded as" disability discrimination claim under the ADAAA. Cox now moves to dismiss Count II, the "regarded as" claim, of Dubuc's complaint under Rule 12(b)(6) for failure to state a claim for disability discrimination.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" [8]

### III. Analysis

Cox argues that Dubuc's claim for disability discrimination should be dismissed for failure to state a claim. Cox asserts that Dubuc does not plead adequate facts to show that Cox perceived or regarded her to be alcoholic or that her employment was terminated because Cox allegedly perceived or regarded her to be an alcoholic.

The ADAAA prohibits discrimination "against a qualified individual on the basis of disability."[9] "Disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[10] Dubuc brings a "regarded as" claim under part (C).

To allege a prima facie case of "regarded as" discrimination, Dubuc must assert that "(1) [s]he has an actual or perceived impairment, (2) that impairment is neither transitory nor minor, and (3) the employer was aware of and therefore perceived the impairment at the time of the alleged discriminatory action."[11] In other words, Dubuc needs to show that (1) she is perceived or regarded as disabled, and (2) her employment was terminated because of that perception.[12]

---

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] 42 U.S.C. § 12112(a).

[10] 42 U.S.C. § 12102(1).

[11] *Norwood v. United Parcel Serv., Inc.*, 2020 WL 5802078, at *8 (D. Kan. 2020) (quoting *Adair v. City of Muskogee*, 823 F.3d 1297, 1300, 1306 (10th Cir. 2016)).

[12] *See* 42 U.S.C. § 12102(a) (An individual has a "regarded as" disability claim when "the individual establishes that she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.").

Congress passed the ADAAA of 2008 in response to United States Supreme Court decisions that had construed "regarded as" very narrowly. The Supreme Court had interpreted "regarded as" claims as "requir[ing] a plaintiff to plead and prove that she was regarded as having an impairment that fit the terms of the first prong—that is, that she was regarded as having an impairment that substantially limited one or more major life activities."[13] The amended statute "modified the scope of [a] 'regarded as' claim[]."[14] The individual must only establish "that … she has been subjected to an action . . . because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."[15]

Dubuc alleges that Cox perceived and regarded her as an alcoholic, and terminated her for that reason, thereby violating the ADAAA. Under the ADAAA, alcoholism is considered a protected disability, although there is a "distinction between alcoholism the disease and alcohol-related misconduct."[16]

In her Complaint, Dubuc notes two instances for which she claims form the basis of a "regarded as" disabled claim. First, Dubuc details two questions asked by her superior in March 2020 about alcohol in two instances that occurred two years apart in 2017 and 2019. Additionally, in that same meeting, the superior told Dubuc that "others claimed that they noticed that Plaintiff's demeanor changed when she was drinking." Even taken as true, these two allegations do not constitute the elements of a "regarded as" claim. If anything, they show that Cox was somewhat aware of Dubuc's drinking habits, but they do not rise to the level of showing that Cox perceived Dubuc as being an alcoholic. Contrast this with *Norwood v. United Parcel Service Inc.*, where the

---

[13] *Adair*, 823 F.3d at 1305 (quoting *Mercado v. Puerto Rico*, 814 F.3d 581, 587 (1st Cir. 2016)).

[14] *Id.*

[15] *Id.* (quoting 42. U.S.C. § 12102(3)(A)).

[16] *Dennis v. Fitzsimons*, 850 F. App'x 598, (10th Cir. 2021).

District of Kansas found the plaintiff's allegations about her regarded as claim sufficient when the Human Resources Manager counseled the plaintiff to reach out to a drug treatment program.[17] There is no such treatment of Dubuc here. Her employer simply asked questions on one occasion. One question was about Dubuc's alcohol usage and the other was about an alcohol purchase. There was no recommendation of a treatment program or something similar which might indicate that Cox perceived Dubuc as an alcoholic. Thus, there are no allegations that Cox regarded or perceived Dubuc as having a disability under the ADAAA, and she fails to state a claim.[18]

The Court therefore concludes that the allegations in Dubuc's Complaint are not sufficiently pleaded and grants Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 16th day of July, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *See Norwood*, 2020 WL 5802078 at *8.

[18] Dubuc argues in her response brief that Cox's questions regarding alcohol and its statement that other employees noticed that her demeanor changed while drinking shows that Cox performed an investigation. Although Dubuc did not include those allegations in her Complaint, even if they were in her Complaint, these allegations fail to demonstrate that Cox perceived Dubuc as having a disability of alcoholism.