IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JULIE DUBUC,**

        Plaintiff,

vs.

**COX COMMUNICATIONS KANSAS, L.L.C.,**

        Defendant.

Case No.: 2:21-cv-02041-EFM-JPO

## **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COX COMMUNICATIONS KANSAS, L.L.C.**

Defendant states as follows for its Answers to Plaintiff's First Set of Interrogatories.

### **INTERROGATORIES**

1. Please identify the person answering these Interrogatories and any person providing information to answer these Interrogatories (identifying the Interrogatory for which information was provided) by providing his or her full name, business and residential address, inclusive dates of employment with Defendant, and current position with Defendant.

**ANSWER:** **Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine.**

**Accordingly, Defendant states that counsel for Defendant prepared these responses which have been verified by Brenda Fish Dodson.**

2. Does Defendant claim that during her employment with Defendant that Plaintiff was the subject of any complaints or deficiencies related in any manner to her work performance or any aspect thereof? \_\_\_\_\_ Yes  _____ No

EXHIBIT 1

If your answer is "yes," please identify the complainant or deficiency, each and every person with knowledge of each complaint or deficiency, describe the nature and substance of the complaint or deficiency, the approximate date thereof, and identify any and all documents related to each such complaint or deficiency.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant further objects to this interrogatory to the extent it is not properly limited to the scope of the issues raised in this lawsuit, and thus is not proportional to the needs of this case. Defendant objects to this interrogatory to the extent that it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, yes. Pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to documents related to complaints made about Plaintiff previously produced at Cox (Dubuc) 000001 – Cox (Dubuc) 000019; Cox (Dubuc) 000066 – Cox (Dubuc) 000068; Cox (Dubuc) 000075 – Cox (Dubuc) 000105; Cox (Dubuc) 000136 - Cox (Dubuc) 000167. Responding further, Defendant will produce additional documents related to complaints made about Plaintiff.** *See* **Cox (Dubuc) 000401 – Cox (Dubuc) 000408. Responding further, Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters on which each person is believed to be knowledgeable.**

3. Excluding Plaintiff's Charge of Discrimination and lawsuit, please state whether or not Defendant has been a defendant in a lawsuit alleging disability discrimination and/or retaliation or has received a Charge of Discrimination alleging disability discrimination and/or retaliation from the Equal Employment Opportunity Commission and/or any state human rights commission at any time from January 1, 2011 to the present.

_____ Yes   _____ No

If your answer is "yes," with respect to any lawsuit, please state the case caption, identify the name of the Plaintiff, the case number, the jurisdiction where filed, the date filed, and the name, address, and telephone number of the attorneys representing the Plaintiff and Defendant(s). With respect to any Charge of Discrimination, please state the name of the Complainant, the Respondent(s), the charge number, the agency where the charge was filed, and the date the Charge of Discrimination was filed.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter, and geographical scope, and on that basis is unduly and unreasonably burdensome and oppressive. Defendant objects to this interrogatory as seeking improper comparator evidence. Specifically, it is not properly limited in time, to the team at issue, and/or to the decision-makers involved in this lawsuit and thus is not proportional to the needs of this case. Employees in other positions and other departments under other chains of management, are not similarly-situated to the Plaintiff. There is simply no constructive purpose in collecting and producing this private, confidential**

**information without showing how it may potentially relate to the issues in dispute. Any allegations of discrimination and/or retaliation, to the extent they exist, that have no relation to the manager(s) who decided to terminate Plaintiff's employment, would serve no useful purpose in assisting the parties to reach a resolution with the disputes at issue. Defendant objects to this interrogatory to the extent that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Accordingly, Defendant will respond to this interrogatory with respect to employees who reported to Nancy Murphy from 2017 to the present.**

      **None, other than Plaintiff's.**

      4.      Please identify each and every written or oral complaint of disability discrimination and/or retaliation, including any complaint of conduct claimed to be in violation of Defendant's policies, received by Defendant at any time from January 1, 2011 to the present. For each such complaint or other matter, provide the following information: the name, last known address, and last known telephone number of the complainant; a description of the Defendant's response to the complaint; identify whether the complaint was written or oral; provide the identity of the person to whom the complaint was made; and describe the substance and date of the complaint.

      **ANSWER:** **Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter, and geographical scope, and on that basis is unduly and unreasonably burdensome and oppressive. Defendant objects to this interrogatory as seeking improper comparator evidence. Specifically, it is not properly**

**limited in time, to the team at issue, and/or to the decision-makers involved in this lawsuit and thus is not proportional to the needs of this case. Employees in other positions and other departments under other chains of management, are not similarly-situated to the Plaintiff. There is simply no constructive purpose in collecting and producing this private, confidential information without showing how it may potentially relate to the issues in dispute. Any allegations of discrimination and/or retaliation, to the extent they exist, that have no relation to the manager(s) who decided to terminate Plaintiff's employment, would serve no useful purpose in assisting the parties to reach a resolution with the disputes at issue. Defendant objects to this interrogatory to the extent that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Accordingly, Defendant will respond to this interrogatory with respect to employees who reported to Nancy Murphy from 2017 to the present.**

**None, other than Plaintiff's.**

5. Please state each and every reason why Plaintiff's employment with Defendant was terminated, identify each person having knowledge of the factual basis of such reason(s), and identify each document (including a description suitable to identify same, date, and author) relied upon by Defendant in making the decision to terminate Plaintiff's employment.

**<u>ANSWER</u>: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory to the extent that it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, Plaintiff's employment was terminated as a result of her violation of Defendant's Code of Conduct in using the "n-word" and loss of credibility with her team and management resulting from her use of the "n-word." Responding further, Defendant refers Plaintiff to Defendant's Initial Disclosures which state the subject matters on which each person is believed to be knowledgeable. Moreover, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to documents related to the termination of Plaintiff's employment previously produced at Cox (Dubuc) 000012; Cox (Dubuc) 000017 – Cox (Dubuc) 000019; Cox (Dubuc) 000064 – Cox (Dubuc) 000065; Cox (Dubuc) 000076 – Cox (Dubuc) 000087; Cox (Dubuc) 000136 – Cox (Dubuc) 000162; Cox (Dubuc) 000165 in addition to Defendant's Code of Conduct and Conduct at Business and Company Sponsored Events Policy previously produced at Cox (Dubuc) 000022 – Cox (Dubuc) 000060.**

6.      Please identify each and every person who made the decision or who participated in the decision to terminate Plaintiff's employment and identify each and every person who was consulted with respect to the decision to terminate Plaintiff's employment. For each such person, please provide his/her name, job title, inclusive dates of employment, and describe the specific role each person played in the decision to terminate Plaintiff's employment.

**ANSWER:      Defendant objects that this interrogatory is compound as written. Defendant objects that the terms "participated in" and "consulted" are vague and ambiguous, unfairly requiring Defendant to speculate as to what information is actually sought. Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory on the grounds that it is overbroad as to subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory**

6
EXHIBIT 1

**and/or common law right to privacy. Defendant objects to this interrogatory to the extent it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, the decision to terminate Plaintiff's employment was made by Brenda Fish Dodson, Senior Director, Human Resources Business Partner, and Nancy Murphy, Executive Director, Learning and Implementation, with support from Judith Train, Vice President, Learning & Workforce Capability. Responding further, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to documents related to the termination of Plaintiff's employment previously produced at Cox (Dubuc) 000012; Cox (Dubuc) 000017 – Cox (Dubuc) 000019; Cox (Dubuc) 000064 – Cox (Dubuc) 000065; Cox (Dubuc) 000076 – Cox (Dubuc) 000087; Cox (Dubuc) 000136 – Cox (Dubuc) 000162; Cox (Dubuc) 000165.**

7.   Please identify each and every question Defendant asked Plaintiff and the answer Plaintiff provided Defendant during the March 26, 2020 meeting and identity any documents and/or recordings related to such meeting.

**ANSWER:  Defendant objects to this interrogatory to the extent it seeks "each and every question…and the answer Plaintiff provided" which is tantamount to a transcript of the March 26, 2020 meeting, and on that basis is unduly burdensome, oppressive and harassing. Defendant objects to this interrogatory to the extent it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to Plaintiff's statements previously produced at Cox (Dubuc) 000076 – Cox (Dubuc) 000087 and Cox (Dubuc) 000150 – Cox (Dubuc) 000162 along with the interview notes for the March 26, 2020 meeting with Plaintiff at Cox (Dubuc) 000145 – Cox (Dubuc) 000149.**

8. Please identify each and every reason Defendant asked Plaintiff questions about after hour events she attended, whether anyone had expressed concerns about Plaintiff's behavior at events where alcohol was involved, and any other questions concerning Plaintiff and alcohol, and please identify the name of the person who was the source of any information that prompted Defendant to question Plaintiff about these matters on March 26, 2020.

**ANSWER: Defendant objects to this interrogatory to this interrogatory on the grounds that it is overbroad as to scope to the extent it seeks "each and every reason" particular questions were asked, and on that basis is unduly burdensome, oppressive and harassing. Defendant objects to this interrogatory to the extent it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy.**

**Further answering, Plaintiff's conduct at business and company sponsored events was called into question due to the March 6, 2020 complaint made by Kim Walker, Director of Curriculum Development, to Brenda Fish Dodson, Senior Director, Human Resources Business Partner, on behalf of Katina Gice, Senior Learning Advisor. As part of her investigation of the complaint, Ms. Dodson interviewed Ms. Gice on March 9, 2020, who stated that Plaintiff repeatedly said the full "n-word" while at the table during a work dinner on March 5, 2020. Responding further, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to documents related to complaints made about Plaintiff previously produced at Cox (Dubuc) 000001 – Cox (Dubuc) 000019; Cox (Dubuc) 000066 – Cox (Dubuc) 000068; Cox (Dubuc) 000075 – Cox (Dubuc) 000105; Cox (Dubuc) 000136 - Cox (Dubuc) 000167.**

**Moreover, Defendant will produce additional documents related to complaints made about Plaintiff.** *See* **Cox (Dubuc) 000401 – Cox (Dubuc) 000408.**

9. Identify any and all employees whom Defendant claims were discharged for the same or similar reasons as you contend Plaintiff's employment was terminated. For each such employee, state his/her name, date of discharge, the reason for discharge, and identify the person or persons responsible for the decision to discharge such individual and identify the person or persons who participated in such decision.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter, and geographical scope, and on that basis is unduly and unreasonably burdensome and oppressive. Defendant objects to this interrogatory as seeking improper comparator evidence. Specifically, it is not properly limited in time, to the facility at issue, and/or to the decision-making unit involved in the instant lawsuit and thus is not proportional to the needs of this case. Employees in other positions and other departments under other chains of management, are not similarly-situated to the Plaintiff. There is simply no constructive purpose in collecting and producing this private, confidential information without showing how it may potentially relate to the issues in dispute. Any other terminations for the same or similar reasons, to the extent they exist, that have no relation to the manager(s) who decided to terminate Plaintiff's employment, would serve no useful purpose in assisting the parties to reach a resolution with the disputes at issue. Defendant objects to this interrogatory to the extent that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. For these reasons, Defendant will not provide a response to this request.**

10. Please describe each and every meeting or conference that occurred at any time during Plaintiff's employment that concerned or addressed in whole or in part Plaintiff's work performance, Plaintiff's termination, and/or any events relating to Plaintiff's termination of employment. For each such meeting or conference, provide the following information: the date of the meeting or conference, the identity of all persons present at such meeting or conference, a description of the subject matters discussed at such meeting or conference, and the identity of any documents related to such meeting or conference.

**ANSWER: Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Defendant objects to this interrogatory to the extent it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, Defendant refers Plaintiff to documents related to complaints made about Plaintiff previously produced at Cox (Dubuc) 000001 – Cox (Dubuc) 000019; Cox (Dubuc) 000066 – Cox (Dubuc) 000068; Cox (Dubuc) 000075 – Cox (Dubuc) 000105; Cox (Dubuc) 000136 - Cox (Dubuc) 000167. Responding further, Defendant will produce**

EXHIBIT 1

**additional documents related to complaints made about Plaintiff.** *See* **Cox (Dubuc) 000401 – Cox (Dubuc) 000408.**

11. Please describe any investigation undertaken by Defendant or anyone acting on its behalf as a result of any formal or informal complaint by, against, or in any way involving Plaintiff (as a witness, as the person against whom a complaint was made, as the complainant, and/or as a participant in the conduct of which the complaint was made), including without limitation in whole or in part any investigation of any matter referenced in Plaintiff's Complaint, from the beginning of Plaintiff's employment with Defendant to the present. Include in your description the identity of the person making the complaint, Plaintiff's role in the complaint, the person conducting the investigation, the date of the investigation, the results of the investigation, and the identity of each and every person spoken to during such investigation.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case. In particular, Plaintiff seeks information related to any complaint "in any way involving Plaintiff" – even as merely a witness – for the entirety of Plaintiff's employment. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Defendant objects to this interrogatory to the extent it**

**seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to documents related to complaints made about Plaintiff previously produced at Cox (Dubuc) 000001 – Cox (Dubuc) 000019; Cox (Dubuc) 000066 – Cox (Dubuc) 000068; Cox (Dubuc) 000075 – Cox (Dubuc) 000105; Cox (Dubuc) 000136 - Cox (Dubuc) 000167. Responding further, Defendant will produce additional documents related to complaints made about Plaintiff.** *See* **Cox (Dubuc) 000401 – Cox (Dubuc) 000408.**

12.     Please provide the name, residential address (current or last known), and all telephone numbers by which such individual can be reached of each person identified in both Plaintiff's and Defendant's Rule 26(a)(1) disclosures and any supplemental disclosures.

**ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad as to scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy.**

**Further answering, each of the individuals listed in Defendant's Initial Disclosures can be reached through counsel for Defendant.**

13.     Please state whether you, anyone acting on your behalf, or any other person to your knowledge, has obtained a statement from any person other than the Plaintiff related in any manner to the underlying facts of this lawsuit, to any aspect of the defense to such lawsuit, and the Charge of Discrimination filed by Plaintiff.    _____ Yes    _____ No

12
EXHIBIT 1

If the answer is "yes," please identify the person who obtained the statement, identify the person from whom the statement was made, state when it was made, describe the means by which such statement was obtained, and identify the present custodian of any such statement.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Defendant further objects that the term "statement" is vague and ambiguous, unfairly requiring Defendant to speculate as to what information is sought.**

**Further answering, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to Katina Gice's, Senior Learning Advisor, February 17, 2020 e-mail to Jim Robberts, Director, Human Resources, previously produced at Cox (Dubuc) 000166 – Cox (Dubuc) 000167.**

14. Please describe all policies and procedures of Defendant in effect and/or in practice at any time during Plaintiff's employment with Defendant to the present for employees of Defendant related to disability discrimination and retaliation. Include in your answer the following information: a description of the policies and procedures, the names of the persons responsible for carrying out, implementing and/or enforcing such policies and/or procedures, the inclusive effective dates of such policies and/or procedures, identify all written documents which reflect or set forth such written policies and/or procedures, and please describe how such policies and/or procedures are or were enforced and monitored.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is**

**overbroad as to time period, subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case. Defendant objects to this interrogatory to the extent that it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to Defendant's Code of Conduct, Equal Employment Opportunity Policy and Anti-Retaliation Policy and Conduct at Business and Company Sponsored Events Policy previously produced at Cox (Dubuc) 000020 – Cox (Dubuc) 000056 – Cox (Dubuc) 000061 – Cox (Dubuc) 000063. Responding further, Defendant will produce its Open Door Reporting Policy.** *See* **Cox (Dubuc) 000387 – Cox (Dubuc) 000388.**

15. Please describe all training related to disability discrimination and retaliation in which Defendant's employees, including supervisors and managers, participated at any time during Plaintiff's employment with Defendant to the present, and include in your answer the following information: date(s) and length of such training, location of such training, identity of the person(s) conducting the training, description of training materials used, and please provide a description of the content of such training.

**ANSWER:** **Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or both the privilege and the doctrine. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter and scope, and on that basis is unduly**

**burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case. Defendant objects to this interrogatory on the grounds that it seeks information protected by third parties' constitutional, statutory and/or common law right to privacy. Defendant objects to this interrogatory to the extent it seeks confidential or proprietary business information. Defendant objects to this interrogatory to the extent that it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

**Further answering, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to her training records.** *See* **Cox (Dubuc) 000397 – Cox (Dubuc) 000397.**

16. With respect to each position Plaintiff held with Defendant, please identify the dates Plaintiff held each position, the name of Plaintiff's supervisors for each position, Plaintiff's job responsibilities for each position, and Plaintiff's pay and benefits structure for each position including, but not limited to, her salary, eligibility for bonuses, and benefits for each position.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects to this interrogatory on the grounds that it is overbroad as to time period, subject matter and scope, and on that basis is unduly burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case. Defendant objects to this interrogatory to the extent that it seeks a narrative response and evidentiary detail that is more properly obtainable through deposition testimony.**

EXHIBIT 1

**Further answering, Plaintiff began her employment with Defendant on June 19, 2017 as Director, Training Delivery. She transitioned to the role of Director, Learning & Implementation in Defendant's Learning & Workforce Capability Center of Excellence on December 15, 2018. Plaintiff's manager throughout her employment was Nancy Murphy, Executive Director, Learning & Implementation. Pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to the Director, Learning and Implementation job description previously produced at Cox (Dubuc) 000106 – Cox (Dubuc) 000107. Responding further, Defendant will produce the Director, Training Delivery job description.** *See* **Cox (Dubuc) 000389 – Cox (Dubuc) 000390. Furthermore, Defendant refers Plaintiff to her payroll and benefits records previously produced at Cox (Dubuc) 000069 – Cox (Dubuc) 000074 and Cox (Dubuc) 000109 – Cox (Dubuc) 000110 and its benefits Summary Plan Description in place at the time of the termination of Plaintiff's employment.** *See* **Cox (Dubuc) 000210 – Cox (Dubuc) 000386.**

17. Please identify the multiplier for Defendant's 2020 IC Bonus and Defendant's LTIP multiplier for the payout to Plaintiff in 2021 from 2018.

**ANSWER: Defendant objects that this interrogatory is compound as written. Defendant objects that the term "multiplier" is vague and ambiguous, unfairly requiring Defendant to speculate as to what information is actually sought. Defendant objects to this interrogatory on the grounds that it is overbroad as to subject matter and scope, and on that basis is unduly and unreasonably burdensome and oppressive. Defendant objects to this interrogatory on the grounds that it seeks information that is outside the scope of Plaintiff's claims and/or Defendant's defenses and thus is not proportional to the needs of this case.**

**Defendant objects to this interrogatory to the extent it seeks confidential or proprietary business information.**

Further answering, Incentive Compensation ("IC") target awards are set as a percentage of a Plan Participant's base salary. For each year of her employment with Defendant, the target award was 20% of Plaintiff's base salary. Specifically, the 2020 IC target for Plaintiff was $30,038.85. Plaintiff was ineligible for the IC due to the termination of her employment on April 2, 2020. Plaintiff's 2018 Long-Term Incentive Plan ("LTIP") target award was $23,365. The Long-Term Incentive Plan would have fully matured on December 31, 2020 and was forfeited due to the termination of her employment during the grant year. Responding further, pursuant to Fed. R. Civ. Pro. 33(d), Defendant refers Plaintiff to its Long-Term Incentive Plan (LTIP) Award Brochure and Incentive Compensation (IC) Plan Document from 2018 through 2020. *See* Cox (Dubuc) 000409 – Cox (Dubuc) 000424; Cox (Dubuc) 000431 – Cox (Dubuc) 000436.

Respectfully submitted,

*/s/ Robert A. Sheffield*
Robert A. Sheffield, KS #25732
Direct: 816.627.4432
E-Fax: 816.817.1622
rsheffield@littler.com
Bonnie G. Birdsell, D. Kan. #78895
Direct: 816.627.4412
E-Fax: 816.817.1957
bbirdsell@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 17, 2021, a true and correct copy of the foregoing was served via electronic mail upon the following counsel of record:

Kristi L. Kingston
EMPLOYEE & LABOR LAW GROUP
OF KANSAS CITY, LLC
12920 Metcalf Avenue, Suite 180
P.O. Box 25843
Overland Park, KS 66225
Telephone: 913.286.5200
Facsimile: 913.286.5201
kristi@elgkc.com

ATTORNEY FOR PLAINTIFF

              */s/ Robert A. Sheffield*
              ATTORNEY FOR DEFENDANT

## DEFENDANT'S SWORN SIGNATURE

STATE OF _Tennessee_ )
)ss.
COUNTY OF _Hamilton_ )

The below named person, being duly sworn on oath states that he or she has read the foregoing Plaintiff's First Set of Interrogatories to Defendant Cox Communications Kansas, L.L.C. and the answers given are true to the best of affiant's knowledge and belief.

_____
Signature of Party
(NOT TO BE SIGNED BY ATTORNEY)

The foregoing answers to Plaintiff's First Set of Interrogatories to Defendant Cox Communications Kansas, L.L.C. were subscribed and sworn to before me this _17th_ day of _June_, 2021.

_____
Notary Public

My Commission Expires:

_11/12/2024_

[Notary Seal: AIDAN M. FENNER, STATE OF TENNESSEE NOTARY PUBLIC, HAMILTON COUNTY]