UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE DUBUC,

    Plaintiff,

v.                              Case No. 21-2041-EFM

COX COMMUNICATIONS KANSAS,
L.L.C.,

    Defendant.

**ORDER**

Plaintiff Julie Dubuc brings this Title VII retaliation suit against her former employer, defendant Cox Communications Kansas, L.L.C. On September 2, 2021, at the informal request of the parties, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing to discuss whether plaintiff must appear for her deposition in person. Pursuant to the court's August 30, 2021 order (ECF No. 40), so that a clear record could be provided before the court ruled on the parties' dispute, plaintiff filed a formal motion for protective order (ECF No. 42) in advance of the hearing, and expedited response and reply briefs were filed August 31, 2021, and September 1, 2021, respectively (ECF Nos. 45 and 46). For the reasons discussed below, plaintiff's motion is respectfully denied.

Although no formal deposition notice has been filed, the parties have agreed plaintiff will be deposed on September 14, 2021. Discovery doesn't close until January 14, 2022 (*see* ECF No. 16), but the parties agree their scheduled October 7, 2021 mediation

(*see* ECF No. 27) will be more productive if plaintiff is deposed beforehand. Hence the need for expedited briefing and ruling.

Plaintiff seeks a protective order requiring that her deposition be conducted by videoconference instead of the conventional way in person. Plaintiff moved from Wichita, Kansas to Cornelius, North Carolina in October 2020. Plaintiff's primary argument is that for her to travel to and appear for an in-person deposition, whether in defense counsel's offices in Kansas City, Missouri or Overland Park, Kansas, would place her at an increased risk of contracting COVID-19, and that her underlying "moderate persistent asthma" renders her more likely to suffer complications therefrom.[1] Plaintiff notes the Centers for Disease Control and Prevention ("CDC") has stated that "[p]eople with moderate-to-severe or uncontrolled asthma are more likely to be hospitalized with COVID-19," and advises that individuals with moderate to severe asthma: "[g]et a COVID-19 vaccine," "[w]ear a mask that covers your nose and mouth," "[s]tay at least 6 feet (about 2 arms lengths) from people who don't live with you,' "[w]ash your hands with soap and water and use hand sanitizer with at least 60% alcohol," "[a]void crowds and poorly ventilated spaces," and "[a]void non-essential travel."[2]

---

[1] Plaintiff alternatively argues that her dog's current health condition (i.e., a recently-diagnosed urinary tract infection and Lyme disease) constitute a separate reason to require that her deposition be conducted by video conference. At the risk of stating the obvious, the court finds the health problems of a pet don't come anywhere close to establishing good cause to avoid a party's in-person deposition.

[2] ECF No. 42 at 2.

Defendant cites (and plaintiff candidly acknowledges) the general rule that a plaintiff must make herself available for deposition in the forum where she has filed suit.[3] Defendant argues that a deposition by videoconference is insufficient here, where the witness to be deposed is the plaintiff in a suit seeking substantial damages, and given the significant use of documents anticipated at the deposition. Defendant further counters that an in-person deposition can and would be conducted consistent with the CDC guidelines cited by plaintiff, i.e., in a well-ventilated conference room large enough to permit social distancing, with all those present wearing masks.

The decision to enter a protective order is within the court's discretion.[4] Under Rule 26(c) of the Federal Rules of Civil Procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause.[5] To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[6]

---

[3] *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598 (D. Kan. 2012).

[4] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[5] *Id.* (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[6] *Burnett v. Western Resources, Inc.*, No. 95-2145, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

Both parties cite cases in which federal courts have dealt with whether to permit depositions by videoconference in the context of the COVID-19 pandemic. These cases provide a very helpful framework for analysis. But none are particularly on point or dispositive, given the unique conditions and circumstances of the deponents involved in the various cases, and also given the ever-changing circumstances surrounding the pandemic since they were decided, specifically, the wide availability of vaccines on the positive side and the emergence of the highly contagious Delta variant on the negative side. In any event, on the record presented in this case, the court finds plaintiff has fallen far short of demonstrating good cause to require that her deposition be conducted by videoconference.

Significantly, plaintiff doesn't dispute that an in-person deposition can be conducted consistent with the CDC guidelines, her moderate persistent asthma notwithstanding. The basic problem here is that, except for getting vaccinated, the record conspicuously is devoid of any representations about the extent to which plaintiff, while residing in North Carolina, is complying with CDC guidelines. Plaintiff hasn't given the court any information whether, when outside her home, she customarily is masked. Nor has she provided any information about whether she tries to socially distance and avoid large crowds and unventilated areas. And most notably, there's nothing in the record indicating that the pandemic has prompted plaintiff to refrain from travel, recreational or otherwise.

To be clear, nothing in this order is intended or should be construed as discounting the seriousness of the current pandemic and the civic if not moral duty of all citizens to act

4

safely and responsibly. Although the record presented is such that plaintiff hasn't demonstrated good cause to enter her requested protective order, the court still has considerable discretion in establishing the place of a deposition, and finds it appropriate to do so here.[7]

The pandemic hasn't been entirely bad for the folks who ultimately bear the expense of litigating. Experience has shown that many (indeed, perhaps even most) out-of-state depositions that traditionally required substantial travel expense and attorney fees can be taken just as well and much less expensively by using video and other technologies. Were this a simple car-wreck case with relatively few dollars at stake, defendant might be satisfied using a videoconference to depose plaintiff. But the initial disclosures provided by plaintiff under Fed. R. Civ. P. 26(a) in connection with the court's scheduling conference at the outset of this litigation suggest she's reserving the right to ask a jury to award her nearly $2 million in damages, plus attorney fees. And thus it shouldn't come as any great surprise to plaintiff that defendant and its counsel want an opportunity to be "up close and personal" when they assess what kind of witness she might make if this case ever gets to a jury.

So, the court will allow plaintiff two options for her in-person deposition on September 14, 2021, but she must make an election by 4:00 p.m. on September 7, 2021 so as to allow reasonable transportation arrangements to be made. Plaintiff may appear in one

---

[7] *Clayton v. Velociti, Inc.*, No. 08-2298, 2009 WL 1033738, at *1 (D. Kan. Apr. 17, 2009) (citing *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)).

of defense counsel's offices in the Kansas City metropolitan area.  Or,  plaintiff may appear in defense counsel's office in Charlotte, North Carolina, which is only about twenty miles from where she resides.  If plaintiff opts for the latter, then she shall pay the reasonable airline, airport parking, lodging, taxi, and meal expenses for one of defendant's two lawyers to travel from Kansas City to Charlotte for the deposition; defendant shall not be entitled to recoup any attorney fees, but plaintiff shall reimburse defendant for the other above-described expenses within five days of receipts being provided.  Regardless of its location, plaintiff's deposition shall be conducted in accordance with CDC guidelines regarding masks, ventilation, social distancing, etc.

IT IS SO ORDERED.

Dated September 5, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge