UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE DUBUC,

    Plaintiff,

v.   Case No. 21-2041-EFM

COX COMMUNICATIONS KANSAS, L.L.C.,

    Defendant.

## ORDER

This is a Title VII retaliation suit in which the plaintiff, Julie Dubuc, alleges the defendant, Cox Communications Kansas, L.L.C., terminated her employment because she reported race and sex discrimination to defendant's management and human resource employees. Plaintiff has a filed a motion (ECF No. 39) asking the court to compel defendant to fully respond to certain interrogatories and document requests. For the reasons discussed below, the motion is granted in part and denied in part.

Background

Plaintiff was employed with Cox Communications Kansas, L.L.C. from June 2017 until she was terminated in April 2020. Although the parties apparently dispute the precise job title held by plaintiff at the time of her termination, they agree she worked as a director based in Wichita, Kansas, supporting three lines of business across numerous states. This suit arises from plaintiff's claim that while on a business trip in Bogota, Columbia, she

reported that music being played on the call center floor contained language that was offensive and sexist against women and racially offensive. Plaintiff alleges she was later questioned by a member of defendant's HR department regarding the specifics of what she had earlier reported, and defendant terminated her one week later for her use of the "n-word" when reporting discrimination.

Plaintiff served defendant with her first set of interrogatories and document requests, and defendant timely served its responses and objections on June 17, 2021. Thereafter, plaintiff sought and obtained three extensions of time, ultimately until August 25, 2021, to file a motion to compel related to this discovery.[1]  Between June 17 and August 25, 2021, counsel exchanged "golden rule" correspondence, participated in a telephone conference, and exchanged multiple follow-up correspondence which resolved some but not all disputes. On August 25, 2021, plaintiff filed the instant motion seeking responses to Interrogatory Nos. 3, 4, 9, and 12 and Request Nos. 8, 14, 15, and 16.  Defendant opposes the motion, first arguing that plaintiff failed to sufficiently confer with respect to Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15.  Defendant also substantively opposes the motion.

Efforts to Confer

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion.  Fed. R. Civ. P. 37(a)(1) requires motions to compel

---

[1] *See* ECF Nos. 24, 35, and 38.

discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, D. Kan. R. 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

As earlier stated, and as reflected in the parties' briefing and attached exhibits, counsel here have exchanged "golden rule" correspondence, participated in a telephone conference, and exchanged multiple follow-up correspondence regarding alleged deficiencies in defendant's responses to plaintiff's first set of written discovery. Notwithstanding, defendant claims plaintiff failed to sufficiently confer with respect to Interrogatory Nos. 3 and 4, and Request Nos. 14 and 15, insofar as disputes surrounding these interrogatories and requests were not discussed at the parties' telephone conference, and instead were subject only to written correspondence.

On August 10, 2021, following the parties' exchange of initial "golden-rule" correspondence, counsel participated in a telephone conference. As plaintiff points out, although Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15 were not discussed on this

call, counsel did discuss Interrogatory No. 9 and Request No. 16 (among other requests). Defendant asserts the same objections in response to each of these interrogatories and requests, claiming they seek "potential comparator information" with respect to employees not "similarly situated" to plaintiff. Counsel discussed defendant's objections and responses to Interrogatory No. 9 and Request No. 16, and plaintiff's position in response thereto, i.e., that plaintiff's entitled to responsive information involving defendant's HR department and the three individuals identified by defendant as decisionmakers in plaintiff's termination.

On August 11, 2021, defendant's counsel emailed plaintiff's counsel agreeing that in response to Interrogatory No. 9 and Request No. 16, defendant would conduct a search involving the three decisionmakers. Plaintiff's counsel responded the same day via email, referencing, among other issues, her inadvertent failure to discuss Interrogatory Nos. 3 and 5 and Request No. 14 at the telephone conference, and seeking to confirm whether they would be subject to the agreement reached with respect to Interrogatory No. 9 and Request No. 16. Defendant's counsel responded that a formal response to plaintiff's email would be forthcoming.

Thereafter, plaintiff's counsel sent two emails (on August 16 and 17, 2021) and left a voicemail for defendant's counsel (on August 17, 2021) attempting to confer regarding remaining disputes, with her August 17, 2021 email specifically referencing plaintiff's then August 18, 2021 deadline to file a motion to compel. Defendant's counsel responded via email indicating that a formal response would be sent on August 18, 2021, and agreeing to

a third extension of time, until August 25, 2021, for plaintiff to file a motion to compel. In defendant's formal response, sent August 18, 2021, defendant grouped its discussion of Interrogatory Nos. 3 and 9 and Request Nos. 14 and 16, and revoked its prior agreement to conduct a search involving all three decisionmakers; instead, defendant "reiterate[d]" its original offer to undertake a search regarding two of the three identified decisionmakers (plaintiff's supervisors). On August 19, 2021, plaintiff's counsel emailed defendant's counsel explaining that in reading defendant's formal response, plaintiff's counsel realized that her August 11, 2021 email should have said "plaintiff's Interrogatory Nos. 3 and 4, not 3 and 5," and seeking to confirm that defendant's objections and position with respect to Interrogatory Nos. 3 and 4 were the same. Defendant's counsel so confirmed the same day.

The court is unconvinced that each of the interrogatories and requests were sufficiently deliberated, and this conclusion is evidenced by the parties' apparent ongoing communications surrounding Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15.[2] However, the court declines to find plaintiff's efforts to confer were less than reasonable and deny her motion on that basis. Defendant has asserted the same objections and proposed scope of discovery in response to what it claims is the "potential comparator information" from employees not "similarly situated" to plaintiff sought by Interrogatory

---

[2] Plaintiff asserts in her reply brief that counsel discussed Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15 during a break at plaintiff's deposition on September 14, 2021, and particularly, new approaches to limiting the information sought. ECF No. 54 at 5.

Nos. 3, 4, and 9 and Request Nos. 14, 15, and 16, and collectively discusses these requests in its briefing on the instant motion. Defendant does not dispute that the appropriate scope of discovery with respect to Interrogatory No. 9 and Request No. 16 was discussed on counsels' call, and defendant subsequently confirmed in writing that it maintained the same position with respect to the requests not discussed on the call. Further, the court is unimpressed with defendant's claim that the interrogatories and requests should have been verbally discussed, when defendant's counsel declined to return plaintiff's counsel's call, and instead insisted on a second formal written response with knowledge that a motion to compel would follow. In light of the foregoing, the court will proceed to address plaintiff's motion on the merits.

<u>Interrogatory Nos. 3, 4, and 9 and Request Nos. 14, 15, and 16</u>

As earlier stated, plaintiff's Interrogatory Nos. 3, 4, and 9 and Request Nos. 14, 15, and 16 seek what defendant characterizes as "potential comparator information." Specifically, plaintiff's interrogatories ask defendant to identify any lawsuits and/or Charges of Discrimination filed against defendant alleging retaliation from January 1, 2011, to present (Interrogatory No. 3); every written or oral complaint of retaliation, including complaints of conduct claimed to be in violation of defendant's policies, received by defendant from January 1, 2011, to present (Interrogatory No. 4); and any and all employees defendant discharged for the same or similar reasons defendant contends plaintiff's employment was terminated (Interrogatory No. 9).

6

Request Nos. 14, 15, and 16 correspond to the above interrogatories, and seek any and all lawsuits and/or Charges of Discrimination identified in response to Interrogatory No. 3 (Request No. 14); any documents concerning written or oral complaints of retaliation, including any complaint of conduct claimed to be in violation of defendant's policies, received by defendant from January 1, 2011, to present (Request No. 15); and any documents showing that defendant discharged other employees for the same or similar reasons as defendant contends it discharged plaintiff (Request No. 16).[3]

Defendant objects to the foregoing discovery requests on the grounds of breadth and undue burden, claiming the requests should be limited to what defendant has already agreed to provide: complaints, charges of discrimination, or lawsuits against, and individuals discharged for the same or similar reasons by, plaintiff's supervisors, Nancy Murphy and Judith Train, from January 1, 2017 (i.e., the year plaintiff's employment with defendant began) to present.[4] Defendant claims the discovery sought is neither relevant nor proportional to the needs of the case because it's not limited to "similarly-situated

---

[3] Plaintiff's interrogatories and requests for documents are fully set forth in ECF Nos. 39-2 and 39-3, and the court finds it unnecessary to restate them verbatim herein. Both parties note that although plaintiff's interrogatories and requests originally sought information and documents related to allegations of disability discrimination against defendant, plaintiff has since narrowed her interrogatories and documents requests in light of the court's dismissal of her disability-discrimination claim. ECF No. 39, n. 1; ECF No. 49, n. 1.

[4] Defendant identifies Nancy Murphy as the Executive Director, Learning and Implementation, and plaintiff's direct supervisor, and Judith Train as the Vice President of Learning & Workplace Capability to whom Ms. Murphy reports.

employees" who deal with "the same supervisor and are subject to the same standards governing performance evaluation and discipline."[5]  Defendant argues that where specific supervisors were the decision makers, the enterprise-wide discovery sought is inappropriate.  Finally, defendant challenges the ten-year scope as unsupported and overly broad in light of plaintiff's less-than-three-year employment with defendant.

Plaintiff argues the information and documents sought by Interrogatory No. 9 and Request No. 16 are relevant to defendant's affirmative defense that it enforced its policy prohibiting retaliation and acted in good faith to prevent retaliation, and to whether defendant's purported reason for terminating plaintiff (i.e., her use of the "n-word" and violation of company policy) was a pretext for retaliation.  Plaintiff asserts the prior complaints, charges, and lawsuits alleging retaliation sought by Interrogatory Nos. 3 and 4 and the companion document requests, are also relevant to defendant's good-faith affirmative defense.  Plaintiff further argues Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15 seek information "relevant to ascertain whether defendant has ever engaged in the same or similar illegal conduct in the recent past, to the issue of punitive damages, and to how defendant responded to reports of discrimination made by other current or former employees."[6]  Significantly, plaintiff points out that although defendant seeks to limit discovery to information and documents involving the two supervisors identified as

---

[5] ECF No. 49 at 5.

[6] ECF No. 39 at 7.

decisionmakers in plaintiff's termination, defendant's answers to interrogatories identify Brenda Fish Dodson, Senior Director, Human Resources Business Partner, as a third decisionmaker in plaintiff's termination. In her reply brief, plaintiff agrees to limit Interrogatory Nos. 3 and 4 and Request Nos. 14 and 15 to a period of seven years prior to plaintiff's termination and two years thereafter; plaintiff claims this period is reasonable given the identified decisionmakers' tenures of employment with defendant which range from nine to 18 years.

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. At the discovery stage, relevance is broadly construed.[7] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense.[8] Proportionality is to be determined by considering, to the extent applicable, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties'

---

[7] *Mann v. XPO Logistics Freight, Inc.*, No. 16-2196-CM, 2017 WL 3054125, at *1 (D. Kan. July 19, 2017) (citing *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016)).

[8] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the purported discovery outweighs its likely benefit.[9]

The court finds that the information and documents sought by Interrogatory Nos. 3, 4, and 9 and Request Nos. 14, 15, and 16 are clearly relevant to plaintiff's retaliation claim and defendant's affirmative good-faith defense, and rejects defendant's assertions that the discovery is overly broad and unduly burdensome. Significantly, defendant has provided the court no basis for its breadth and burdensome objections, where it has identified a senior director in its HR department as one of three decisionmakers involved in plaintiff's termination, and there's nothing in the record to suggest that defendant's HR department operates on a less-than enterprise-wide basis. Further, on this record, the court is wholly unable to assess defendant's burden in responding to plaintiff's discovery—i.e., defendant makes no representations (much less provide evidence) with respect to its organizational structure, number of offices or employees, or processes, hours, or costs involved in responding to plaintiff's discovery.

The court grants plaintiff's motion as to Interrogatory Nos. 3, 4, and 9, and Request Nos. 14, 15, and 16, with plaintiff's proposed limitations. Further, in light of the depositions of Ms. Dodson and Ms. Murphy, which have been noticed for October 5 and 6, 2021, respectively (in advance of the parties' scheduled October 7, 2021 mediation), the

---

[9] Fed. R. Civ. P. 26(b)(1).

court directs defendant to produce responsive information and documents no later than **noon on October 4, 2021**.

Interrogatory No. 12

Interrogatory No. 12 asks defendant to provide the name, residential address, and all telephone numbers of each person identified in both plaintiff's and defendant's Rule 26(a)(1) disclosures and any supplemental disclosures. Defendant objects to the interrogatory only to the extent it seeks contact information for defendant's current management-level employees. Defendant claims plaintiff has no need for the information insofar as plaintiff is precluded from contacting these individuals, and where defendant has agreed to coordinate their video depositions and hearing attendance. Defendant further argues the interrogatory seeks information "protected by defendant's management employees' right to privacy."[10]

Defendant does not dispute plaintiff's assertion that the information sought is encompassed within the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements, nor does defendant provide the court any authority suggesting that constraints on plaintiff's ability to contact any identified individual—ethical or otherwise—void its Rule 26(a)(1) obligations. The court finds defendant's privacy concerns disingenuous to the extent they're asserted only on behalf of defendant's management-level employees (i.e., defendant claims to have already provided plaintiff the requested contact information for

---

[10] ECF No. 49 at 9.

its former employees and current non-management employees). Plaintiff's motion to compel is granted as to Interrogatory No. 12.

Request No. 8

Request No. 8 seeks certain of defendant's financial statements. The parties advise in their briefing they've agreed defendant will produce its financial statements 30 days before trial if punitive damages remain at issue after dispositive-motion practice. In that regard, the dispute over RFP No. 8 is moot and plaintiff's motion is denied in this respect.

IT IS SO ORDERED.

Dated September 27, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge